UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22929-CIV-MARRA

In re:

MARCOS ANTONIO CAMPUZANO,

    Debtor.

_____/

NANCY N. HERKERT,
CHAPTER 13 TRUSTEE

    Appellant,

vs.

MARCOS ANTONIO CAMPUZANO,

    Appellee.

_____/

**OPINION AND ORDER**

    This is an appeal by Appellant Nancy N. Herkert, Chapter 13 Trustee ("Trustee"), of the Order Finding Debtor Has Only Bare Legal Title to Boat and the accompanying Opinion of Bankruptcy Judge Robert A. Mark, entered on June 27, 2011.  The Court has carefully considered the briefs of Appellant and Appellee Marcos Antonio Campuzano and is otherwise fully advised in the premises.

**I.  Background**

    On June 22, 2011, the Bankruptcy Court held a hearing "strictly on the issue of whether the debtor holds bare legal title or whether the boat should be deemed property of the estate for analysis in this Chapter 13 case."  Transcript of 6/22/11 Hearing, Bankruptcy Docket 10-33766-

RAM, DE 111 ("Transcript") at p. 24.  The Court heard testimony from: (i) the Debtor; (ii) Juan Carlos Mejia, the man alleged to hold the beneficial interest in the Boat and who allegedly paid for the purchase of the Boat, and (iii) Nubar Salazar, the man who pays the marina storage fee for the Boat.  See id.  After hearing the testimony and arguments from both sides, the Bankruptcy Court orally held:

> All of the testimony supports the debtor's claim that the debtor holds only bare legal title.  Both the debtor and Mr. Mejia testified that Mr. Mejia provided all of the payments towards the purchase price of the boat, that Mr. Salazar, in consideration for getting to use the boat, has paid the storage fees at the marina.
> There is no evidence or testimony to refute the testimony of that debtor, Mr. Mejia, and Mr. Salazar, that the debtor did not make any payments towards the purchase price of the boat, does not have control of the boat, and, in fact, doesn't even have access privileges at the marina, nor does he use the boat or have interest in using the boat.
> The testimony is that Mr. Campuzano, the debtor, agreed to put the title in his name because at the time Mr. Mejia was a resident, but not a permanent resident, and apparently he was concerned about his ability to be on title to the boat.
> The Court doesn't reach the issue of whether or not there was or was not a problem with Mr. Mejia being on title, but I find that the testimony of all the witnesses was credible and not refuted by any testimony or evidence by the trustee or impeached by any cross-examination by the trustee.
>
> . . .
>
> So the Court concludes, based on the foregoing findings, that as a matter of law the debtor held only bare legal title to the boat at the time of the filing and that the beneficial interest belong to -- belongs to Mr. Mejia, and the value is, therefore, not considered property of the estate for purposes of confirmation.

Id. at 24-26.

The Order on Appeal, in its entirety, states:

> On June 22, 2011, the Court conducted an evidentiary hearing to determine whether the Debtor holds only bare legal title to the boat described in the Debtor's Schedule "B" as a "2003 Wellcraft 270 Coastel 28 Feet Cabin Cruiser Boat, Vin number: WelhtA33B303" (the "Boat").  At the hearing, the

>Court heard testimony from the following three witnesses called by the Debtor: (i) the Debtor; (ii) Juan Carlos Mejia, the man alleged to hold the beneficial interest in the Boat and who allegedly paid for the purchase of the Boat, and (iii) Nubar Salazar, the man who pays the marina storage fee for the Boat.  Counsel for the Chapter 13 Trustee cross-examined all three witnesses but otherwise offered no evidence in support of her argument that the Debtor owns the boat and therefore should increase the amount of this Chapter 13 plan payments by the Boat's value.
>
>At the conclusion of the hearing, the Court found that all of the testimony supported the Debtor's claim that he holds only bare legal title to the Boat. Therefore, it is -
>
>**ORDERED** that the value of the Boat is not property of the Debtor's bankruptcy estate for purposes of plan confirmation because the Debtor holds only bare legal title to the Boat.

Bankruptcy Order at 1-2.

The Trustee now appeals that Order.

## II.  Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.  In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992).  Because the order on review was a grant of summary judgment, the Court will review the order *de novo*.

## III.  Discussion

Section 541(d), Title 11 of the United States Code provides:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

The plain language of section 541(d) provides that if a debtor holds only legal title to property and <u>not</u> an equitable interest, then the equitable interest in such property is excluded

3

from the estate. Here, the Bankruptcy Court made a factual finding that the debtor held only bare legal title to the boat. This finding was supported by the unrefuted testimony of three witnesses, and is therefore not clear error. Accordingly, the Bankruptcy Court's Order is **AFFIRMED**.[1]

### IV. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of Bankruptcy Judge Robert A. Mark is **AFFIRMED**. This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 8th day of May, 2012.

_____
KENNETH A. MARRA
United States District Judge

---

[1] Appellant raises a number of arguments with regard to the Bankruptcy Court's allegedly improper application of Florida law governing resulting trusts. The Court rejects Appellant's arguments. To the extent the creation of a resulting trust was required in this case, the evidence in the record supports such a finding. See Howell v. Fiore, 210 So.2d 253, 255 (Fla. Dist. Ct. App. 1968)("A resulting trust arises when the legal estate is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the person whom equity deems to be the real owner.").